GEORGE M. STANWOOD, Treasurer of India street Universalist Society in Portland, *vs.* THOMAS L. LAUGHLIN.

Cumberland.   Opinion December 31, 1881.

*Principal and agent.   Deed.*

A religious society, at a legal meeting thereof, voted to raise a specific sum of money by various methods, including a sale of pews, and appropriate the money toward its debt; to choose an agent to regulate the sale with directions that ten per cent. of the purchase money be paid down, and the balance in sums not less than ten per cent. annually; to adopt the form of deed reported by the committee, to be given purchasers; and that the pastor (naming him) "be appointed agent of the society to raise the above named sum, and that he have full power to make terms, contracts and agreements with purchasers of pews, and to transact all business legitimately belonging thereto." *Held*, in an action on a note given for a pew sold by said agent, "for and in behalf of" said society, that the agent had authority under the vote to execute the deed.

ON EXCEPTIONS from superior court.

Assumpsit on a promissory note brought for the benefit of Samuel H. Colesworthy, assignee.

(Note.)

"$225.                          Portland, Me., May 1, 1874.

For value received, I promise to pay the treasurer of the India street Universalist society, or order, two hundred and twenty-five dollars, in nine equal annual installments, with interest annually, at seven per cent.

T. S. Laughlin."

Upon the back of the note appear the following indorsements :

(Indorsements.)

"Oct. 20th, 1874.   Received on the within note thirty-two 88-100 dollars ($32.88.)

Geo. C. Littlefield, *Treas.*"

"Received interest and assessment to May 1st, 1876.   $39.

G. C. L."

"Received interest and assessment to May 1st, 1877.  $37.25.

N. C. *for Treas.*"

"June 18, 1879. Received on the within note thirty-five and 50-100 ($35.50.)"

At the time the note was given, the India street Universalist society was in debt, and at a legal meeting of the society it was voted "to raise ten thousand dollars by obtaining subscriptions, donations, notes, and by sale of pews, said sum to be appropriated towards the reduction of the debt."

As appears by the record, the following vote was passed at the same meeting:

"Voted to adopt the plan presented by Brother Bicknell, as follows: That an agent be appointed with power to regulate sales of pews at an appraisal presented by Brother Bicknell, covering the indebtedness of the society, ten per cent. of the purchase money to be paid down, and the balance at option of purchaser, not less than ten per cent. each subsequent year, interest at the rate of seven per cent. being charged for balances. The form of deed presented by the committee for drafting the same, shall be issued to each party. Parties not desiring to purchase pews, can become subscribers to the fund by giving notes according to form adopted by the board of trustees at their meeting of January 28, 1874. Voted that Reverend George W. Bicknell be appointed agent of the society to raise the above named sum of ten thousand dollars, and as much more as possible, and that he have full power to make terms, contracts and agreements with purchasers of pews, and to transact all businesss legitimately belonging thereto."

Under this action of the society the defendant purchased pew No. 77, which was appraised at the sum of two hundred and fifty dollars. For the pew he paid twenty-five dollars in cash, and gave the note in suit for the balance of the purchase money. At the same time the following deed was executed and delivered to the defendant, said deed being of the same form as adopted by the society by the vote above written.

(Deed.)

"Know all men by these presents; that I, George W. Bicknell, of Portland, in the county of Cumberland, for and in behalf of

India street Universalist society, in Portland, aforesaid, and appointed agent by vote of said society to execute deeds therefor, in consideration of two hundred and fifty dollars, paid to said society by Thomas S. Laughlin, of Portland, in said county, (the receipt of which is hereby acknowledged,) do hereby sell and convey to said Laughlin, heirs and assigns, all the right, title and interest of said society in and to pew No. 77, in the Universalist church recently erected on the easterly corner of India and Congress streets, in Portland, on the lot of land conveyed to said society by William W. Thomas and others, trustees, by deed dated April 21, 1869, recorded in the registry of deeds for said county of Cumberland, book 370, page 1, to which reference is hereby made.

"To have and to hold said pew, with the privileges thereunto appertaining unto him, the said Laughlin heirs and assigns forever.

"Upon condition, nevertheless, that the title of the said grantee, his heirs and assigns thereto shall at any time be defeated and vest in said society by the payment or tender by said society to said grantee, his heirs or assigns, of the aforesaid sum of two hundred and fifty dollars, or such part thereof as shall have been actually paid.

"And whenever said grantee, his heirs or assigns, shall in writing, authorize said society to occupy or lease said pew, for the benefit of said society, the same or such part thereof as the said grantee, his heirs or assigns shall so authorize said society to occupy or lease, shall not be subject to taxation for any of the ordinary expenses of said society so long as said society shall so be authorized to use or lease the same.

"In witness whereof, I, George W. Bicknell, in behalf of said society, and in the capacity aforesaid of agent to execute deeds therefor, have hereunto set my hand and seal this first day of May, in the year of our Lord one thousand eight hundred and seventy-four."

George W. Bicknell, [L. s.]

"Signed, sealed and delivered in presence of
        M. P. Frank."

"State of Maine.   Cumberland ss.   May 1, A. D. 1874.

"Personally appeared the above named George W. Bicknell, and acknowledged the foregoing instrument by him made and subscribed, in his capacity as agent as aforesaid, to be his free act and deed, and the deed of said society.

"Before me,

M. P. Frank, *Justice of the Peace.*"

On the fifteenth day of February, 1871, the society executed a mortgage of their meeting house to secure certain bonds issued by the society, the amount outstanding at the date of the writ being twelve thousand dollars.   Subsequent to the date of the writ, the mortgagees took possession of the meeting house and advertised the same for sale but had proceeded no further at the time of the trial.   The defendant was a member of the society at the time the note was given, and knew of the existence of the mortgage and the debt secured thereby.   On the twenty-fourth. day of May, 1880, various notes including the one in suit were assigned by the finance committee to Samuel H. Colesworthy, to whom the society was then indebted by an instrument in writing.

At the trial the defendant claimed that there was a failure of consideration of the note in suit, but the presiding justice ruled as a matter of law that the foregoing facts did not constitute such a defence.   And the defendant alleged exceptions.

*B. J. Larrabee,* for the plaintiff, cited : *Cunningham* v. *Wardwell,* 3 Fairfield, 466 ; *Sears* v. *Wright,* 24 Maine, 278 ;. *McLellan* v. *Cum. Bank,* 24 Maine, 566 ; *Boody* v. *McKenney,* 23 Maine, 517 ; *K. & P. R. R.* v. *Waters,* 34 Maine, 369 ; *Shaw* v. *Shaw,* 50 Maine, 94 ; *Sylvester* v. *Staples,* 44 Maine, 496 ; *Bell* v. *Woodman,* 60 Maine, 465 ; *Palmer* v. *Fogg,* 35. Maine, 368.

*Webb and Haskell,* for the defendant.

The mortgagee of the meeting house seeks to collect the note in suit which he knew was given to free the meeting house from his mortgage and give the defendant a good title to the pew he had bargained for.

A note given for a deed of real estate which conveyed no title to the maker of the note, who is the grantee named in the deed,

is void for want of consideration. *Fowler* v. *Shearer*, 7 Mass. 14; *Howard* v. *Witham*, 2 Maine, 390.

The vote does not give Mr. Bicknell any authority, even to sell, much less convey any pew of the society. Another agent was to have been chosen to sell and convey the pews.

Mr. Bicknell was to procure subscribers to the loan, and determine the terms of such subscription, whether by conditional notes or pew notes, and if the latter, to determine the terms upon which the aid should be given. How much cash; how much note, and if note, upon what time and terms.

These arrangements having been made, and the loan having been subscribed, then it was the duty of another to execute the deeds of pews and receive the funds.

If a deed be executed by the agent of a corporation, his authority must be affirmatively shown. *Miller* v. *Ewer*, 27 Maine, 509; *Tolman* v. *Emerson*, 4 Pick. 160.

This case fails to show any authority to execute the deed which is the only consideration for the note in suit, and as no title passed, the deed being void, as not executed by the society, that note is without consideration and void, and the learned judge in the court below erred in his ruling to the contrary.

VIRGIN, J. In February, 1871, the "India street Universalist society," of Portland (of which the defendant was a member), mortgaged its church to another of its members to secure a debt of the society.

At a legal meeting, in 1874, the society voted to raise a specified sum by various methods including a sale of pews, and appropriate the money toward the debt; to choose an agent to regulate the sale, with directions that ten per cent. of the purchase money be paid down, and the balance in sums not less than ten per cent. annually; and to adopt the form of deed, reported by the committee, to be given purchasers of pews. At the same meeting, the society also voted that their pastor, George W. Bicknell, "be appointed agent of the society, to raise the above named sum, and that he have full power to make terms, contracts and agreements with purchasers of pews, and to transact all business legitimately belonging thereto."

The only objection raised in the brief of the defendant against the judgment rendered against him in the court below, is that Bicknell had no authority to execute a deed for, and in behalf of the society, and that hence the note in suit is without consideration. We think the objection is not tenable. The language of the vote is very general and sweeping, and although authority *in totidem verbis* to execute deeds is not given, still such authority is implied from the express power given; we think *Nobleboro'* v. *Clark*, 68 Maine, 87, is decisive of this case. The acts of the parties show beyond cavil that it was so understood by all concerned.

*Exceptions overruled.*

APPLETON, C. J., WALTON, BARROWS, DANFORTH and SYMONDS, JJ., concurred.